IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EDWARD J. NICHOLAS,

        Plaintiff,                              No. CIV S-06-2058 LKK DAD P

    vs.

SCOTT A. EVANS, et al.,

        Defendants.                FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff is a prisoner confined in a state correctional institution in Pennsylvania. He has filed a pleading titled "Civil Rights Action" in which he seeks relief pursuant to 42 U.S.C. § 1983. He has not paid the $350.00 filing fee or filed an application to proceed in forma pauperis. See 28 U.S.C. §§ 1914(a) & 1915(a).

        In his complaint, plaintiff lists thirteen defendants, including a court reporter and six attorneys. Plaintiff's complaint does not allege facts nor does it set forth causes of action but merely lists conclusory contentions that appear to concern multiple criminal convictions. Among plaintiff's contentions are jury rigging and tampering, forgery, fraud, tampering with public records, witness tampering, malicious prosecution, abuse of process, obstruction of the law, denial of counsel, defamation, unlawful restraint, false arrest, and wrongful imprisonment. Plaintiff seeks an injunction against "abuse of judicial legal process/corruption causing

1  damages," a decree "on evidence of ommissions [sic]," and an injunction "against altering the
2  evidence provided," as well as 200 million dollars in damages.

3  The federal venue statute requires that a civil action, other than one based on
4  diversity jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all
5  defendants reside in the same State, (2) a judicial district in which a substantial part of the events
6  or omissions giving rise to the claim occurred, or a substantial part of property that is the subject
7  of the action is situated, or (3) a judicial district in which any defendant may be found, if there is
8  no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b).

9  In this case, plaintiff complains of events that occurred in Pennsylvania, and it
10 appears that all defendants reside in that state.  Pursuant to 28 U.S.C. § 1391(b), plaintiff's action
11 should have been filed in a district court in Pennsylvania.[1]

12 In the interest of justice, a federal court may transfer a complaint filed in the
13 wrong district to the correct district. See 28 U.S.C. § 1406(a); Starnes v. McGuire, 512 F.2d 918,
14 932 (D.C. Cir. 1974).  However, the complaint in this case is defective because plaintiff's attack
15 on the legality of his confinement should be raised in habeas proceedings rather than in a civil
16 rights action.  See Preiser v. Rodriguez, 411 U.S. 475 (1973).  For this reason, the undersigned
17 will not transfer the complaint but will recommend that this action be dismissed without
18 prejudice to the filing of a proper action in the proper district court.

19 Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed
20 without prejudice.

21 These findings and recommendations will be submitted to the United States
22 District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within
23 twenty days after being served with these findings and recommendations, plaintiff may file
24 written objections with the court.  A document containing objections should be titled "Objections

---

[1] Pennsylvania is divided into three judicial districts known as the Eastern, Middle, and Western Districts of Pennsylvania.  28 U.S.C. § 118.

1  to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file
2  objections within the specified time may, under certain circumstances, waive the right to appeal
3  the District Court's order.  See <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
4  DATED: October 13, 2006.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:13
nich2058.56venue